# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:11-cr-0016 |
| ) | |
| **KASSAR JOEL CHITOLIE,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

**BEFORE THE COURT** is the petition of Kassar Joel Chitolie ("Chitolie") to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 (the "Section 2255 petition"). (ECF No. 432.) For the reasons stated below, the Court will deny the petition.

On May 12, 2011, a federal grand jury returned an Indictment in this Court charging Chitolie and several other co-defendants with fifty-three crimes arising out of an alleged drug trafficking conspiracy. On April 5, 2012, a jury found Chitolie guilty of conspiracy to possess with intent to distribute a controlled substance, possession with intent to distribute a controlled substance, and use of a communications facility to facilitate a drug trafficking offense. The Court sentenced Chitolie to 27-months imprisonment followed by 3 years of supervised release. Chitolie appealed his conviction and sentence to the Third Circuit, and the Third Circuit affirmed. Chitolie then petitioned for a rehearing *en banc*, which the Third Circuit denied on January 28, 2015. Chitolie did not petition the United States Supreme Court for a writ of *certiorari*.

On September 23, 2016, Chitolie filed a Section 2255 petition. On December 17, 2018, the magistrate judge entered a report and recommendation recommending that the Court deny the Section 2255 petition as untimely. The magistrate judge explained that the "Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations period for section 2255 motions, 'running from the latest of' four specified dates." *See* ECF No. 451 at 2 (quoting 28 U.S.C. § 2255(f)). The magistrate judge held that the relevant date for Chitolie's Section 2255 petition was "the date on which the judgment of conviction

*United States v. Chitolie*
Case No. 3:11-cr-0016
Order
Page 2 of 3

becomes final." *See id.* (quoting 28 U.S.C. § 2255(f)). Chitolie's judgment of conviction became final on April 28, 2015, 90 days after the Third Circuit denied Chitolie's petition for rehearing. His Section 2255 petition was filed more than a year after that date, and as such, was untimely.

A copy of the magistrate judge's report and recommendation was mailed to the last address Chitolie provided the Court. That letter was subsequently returned to the Court marked "returned to sender" and "unclaimed." *See* ECF No. 455. To date, Chitolie has not objected to the report and recommendation or provided the Court with an updated address.

Litigants may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").

When a party makes a timely objection, the district court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* When no objection to a magistrate's report and recommendation is made, or such an objection is untimely, the district court reviews the report and recommendation for plain error. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While . . . [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."); *see also Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) *aff'd*, 276 Fed. Appx. 125 (3d Cir. 2008) (explaining that, by failing to object to a portion of a report and recommendation, the litigant "waived its right to have this Court conduct a de novo review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of 'plain error'").

Chitolie has not objected to the magistrate judge's report and recommendation. Accordingly, the Court will review the report and recommendation for clear error. Having done so, the Court finds no error.

The premises considered, it is hereby

**ORDERED** that the magistrate judge's report and recommendation docketed at ECF Number 451 is **ADOPTED**; it is further

**ORDERED** that Chitolie's Section 2255 Petition docketed at ECF Number 432 is **DENIED**; and it is further

**ORDERED** that a certificate of appealability will not be issued.

**Date:** July 30, 2020                    */s/ Robert A. Molloy*
                                                                                       **ROBERT A. MOLLOY**
                                                                                       **District Judge**